**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Jacqueline L. Craft, Trustee of the Jacqueline L. Craft Trust U/T/D June 30, 1998, and Jacqueline L. Craft, individually, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>South Carolina State Plastering, LLC, )<br>Peter Conley, Del Webb Communities, Inc., )<br>and Pulte Homes, Inc., )<br>)<br>Defendants. )<br>) | C.A. No.: 9:15-cv-5080-PMD<br><br>**ORDER** |

This matter is before the Court on Plaintiffs' motion to quash subpoenas (ECF No. 40), and Defendants' motion to bifurcate discovery (ECF No. 42). For the reasons set forth herein, Plaintiffs' motion is held in abeyance and Defendants' motion is granted.

**BACKGROUND & PROCEDURAL HISTORY**

This action arises out of construction defects with homes in Sun City Hilton Head. Defendants removed this case from state court on December 22, 2015. Plaintiffs filed their first motion to quash on October 12, 2016. The Court denied that motion without prejudice because the parties failed to conduct a Local Civil Rule 7.02 consultation before filing it. After engaging in the required consultation, Plaintiffs renewed their motion on November 18. Defendants filed a response on December 5. Defendants filed their motion to bifurcate on November 23, and Plaintiffs responded on December 9. Accordingly, these matters are now ripe for consideration.

*Plaintiffs' Motion to Quash Subpoenas*

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(c) sets forth the conditions that warrant quashing a subpoena. As it applies here, Rule 45(c) provides that the Court must quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

## DISCUSSION

Plaintiffs' counsel moves to quash these subpoenas on the grounds that, with the exception of two PowerPoint presentations, the requested documents do not exist. Plaintiffs' counsel asserts that those presentations are attorney–client privileged and that they were prepared in anticipation of state-court litigation. Judge Edgar Dickson is examining a virtually identical motion to quash in state court. As a result, Plaintiffs' counsel urges this Court to refrain from deciding the matter, as it will be moot if Judge Dickson orders production of the presentations.

As to the merits of the motion, Plaintiffs' counsel also argues that these presentations were prepared for the express purpose of giving legal advice to persons seeking to become class members and are therefore protected by attorney-client privilege. Plaintiffs' counsel gave these presentations at meetings in 2009, 2010, and 2012, and they assert that in order for the privilege to be waived, the Defendants must show that some of those attendees are not class members. Additionally, Plaintiffs' counsel claims that these presentations are covered by the work–product doctrine because they were prepared in anticipation of litigation.

The Court agrees that the decision of whether these materials are subject to attorney–client privilege or protected under the work–product doctrine ought to be made by the state court. Plaintiffs cite Rule 501 of the Federal Rules of Evidence as support for their argument that the

matter should be decided in state court. That rule states that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Plaintiffs note that state law supplies the rule of decision in a construction defect case.

Although not directly implicated here, the abstention doctrines' underlying federalism principles suggest that the Court should refrain from issuing a decision on the motion to quash at this time. Because the identical issue is presently pending before the state court, the Court sees no reason to interject its opinion on state law. Moreover, Plaintiffs have stated that if the state court does not quash the subpoenas, Defendants in this case will receive all of the materials sought. Therefore, Plaintiffs' motion to quash is held in abeyance.[1]

*Defendants' Motion to Bifurcate Discovery*

Defendants have moved to bifurcate discovery in this case. First, the parties would conduct discovery on the question of whether or not the Court should certify a class. If the Court certifies a class, the parties would then proceed to merits discovery. Plaintiff opposes Defendants' motion on the grounds that the majority of the relevant discovery has already been performed in a related state-court case. Plaintiffs assert that Defendants' true motivation for bifurcation is to shield themselves from discovery and to further delay these proceedings. For the reasons set forth below, the Court grants Defendants' motion.

## DISCUSSION

The Court notes at the outset that it is not privy to Plaintiffs' revised allegations contained in their phantom amended complaint. In spite of the Court's May 10, 2016 Order that the amended complaint be promptly filed with this Court, no such complaint has been filed. For that reason alone, any merits discovery at this stage would put the cart before the horse. The

---
1. The parties are hereby ordered to notify this Court within 3 days of Judge Dickson's ruling.

Court recognizes Plaintiffs' concerns about unnecessary duplication of effort, as well as undue delay. Nonetheless, in the interest of fairness and efficiency, bifurcation is appropriate under these circumstances. Without the benefit of an amended complaint or a proposed class definition, any merits discovery at this stage might be an exercise in futility.

Moreover, if the Court were to ultimately not certify a class,[2] merits discovery would subject the Defendants to an entirely avoidable hardship. In this case, Plaintiffs' concerns of undue delay and attempts to avoid production are substantially outweighed by the irreparable burden that would be placed on Defendants if the Court ordered full merits discovery in advance of any class certification. Therefore, the Court grants Defendants' motion to bifurcate.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiffs' motion to quash subpoenas is **HELD IN ABEYANCE** and that Defendants' motion to bifurcate discovery is **GRANTED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**December 27, 2016**
**Charleston, South Carolina**

---

2. Although the state court has certified a similar action, no certification motion is presently pending before this Court.