# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Jacqueline L. Craft, trustee of the Jacqueline L. Craft Trust U/T/D June 30, 1998, and Jacqueline L. Craft, individually,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>South Carolina State Plastering, LLC, Peter Conley, Del Webb Communities, Inc., and Pulte Homes, Inc.,<br><br>　　　　　　　Defendants. | C.A. No.: 9:15-cv-5080-PMD<br><br>**<u>ORDER</u>** |

This matter is before the Court on Plaintiffs' motion to quash subpoenas (ECF No. 40). For the reasons set forth herein, Plaintiffs' motion is denied.

## **<u>BACKGROUND & PROCEDURAL HISTORY</u>**

This action arises out of construction defects with homes in Sun City Hilton Head. Defendants removed this case from state court on December 22, 2015.

Plaintiffs first filed their motion to quash on October 12, 2016. The Court initially denied it without prejudice because the parties failed to conduct a Local Civil Rule 7.02 consultation before filing. After engaging in the required consultation, Plaintiffs renewed their motion on November 18. Defendants filed a response on December 5. Then, on December 27, the Court held Plaintiffs' motion in abeyance because Plaintiffs represented to the Court that a materially identical motion was pending in state court. Defendants now inform the Court that they withdrew their state-court subpoenas on November 3, 2016. Thus, by the time that Plaintiffs re-filed their motion to quash, and the time that Defendants filed their response, the matter was no longer pending in state court. Thus, had it been timely informed, the Court could have decided

the matter at the time it issued its December 27 Order. Because the state-court subpoenas have been withdrawn, this matter is again ripe for consideration.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(c) sets forth the conditions that warrant quashing a subpoena. As it applies here, Rule 45(c) provides that the Court must quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

## DISCUSSION

Defendants served subpoenas on Plaintiffs' counsel's law firms, seeking production of documents and recordings related to town hall meetings Plaintiffs' counsel conducted in advance of the Sun City litigation. Plaintiffs move to quash these subpoenas on the grounds that, with the exception of two PowerPoint presentations, the requested materials do not exist. As for the presentations, Plaintiffs assert that counsel prepared those presentations for the express purpose of giving legal advice to persons seeking to become class members and are therefore protected by attorney–client privilege. Plaintiffs' counsel gave these presentations at meetings in 2009, 2010, and 2012. They assert, without citation, that in order for the privilege to be waived, the Defendants must show that some of the meetings' attendees were not class members. Additionally, Plaintiffs claim that these presentations are covered by the work–product doctrine because they were prepared in anticipation of related state-court litigation.

Defendants disagree about the existence of the requested materials and about whether any privilege applies to them. Although Plaintiffs raised the non-existence of the requested materials as a basis for their motion to quash, the Court believes it is premature to deal with whether the requested materials exist until Plaintiffs make the requested production. Plaintiffs are strongly

encouraged to thoroughly search for the requested materials and for information that could lead to those materials.

As for whether the two existing presentations are privileged or protected, Defendants argue that Plaintiffs' counsel gave the presentations at town hall meetings that were expressly open to the public and to the media. Additionally, Defendants contend that Plaintiffs' counsel published a website where they posted presentations and documents about the stucco defects in Sun City. Because those meetings and the website were open to the public, Defendants contend that the requested materials cannot be attorney–client privileged or protected under the work–product doctrine.

The Court will begin with the attorney–client privilege. "Under South Carolina law, the attorney–client privilege protects against the disclosure of confidential communications between a client and an attorney." *Wellin v. Wellin*, --- F. Supp. 3d ---, No. 2:13-cv-1831-DCN, 2016 WL 5539523, at *9 (D.S.C. Sept. 30, 2016). "'In general, the burden of establishing the privilege rests upon the party asserting it.'" *Id.* (quoting *State v. Love*, 271 S.E.2d 110, 112 (S.C. 1980)). In support of their claim that the two PowerPoint presentations are subject to attorney-client privilege, Plaintiffs' counsel assert that they prepared these presentations for the express purpose of giving legal advice to persons seeking to become class members in the related state-court litigation. However, Defendants have undercut that assertion by demonstrating that the meetings were open to the public and could be attended by non-clients. In order for the attorney–client privilege to apply, the communications must be confidential. *Id.* Based on the evidence Defendants have presented about the meetings, as well as the paucity of evidence to the contrary presented by Plaintiffs, the Court concludes that the presentations were not communicated in confidence, and are therefore not protected by the attorneyclient privilege.

Plaintiffs also claim that the presentations were protected under the work–product doctrine because they were prepared in anticipation of litigation. "The work–product doctrine protects an attorney's 'mental processes . . . , providing a privileged area within which he can analyze and prepare his client's case.'" *Wellin*, 2016 WL 5539523, at *9 (quoting *United States v. Nobles*, 422 U.S. 225, 238 (1975)). Federal Rule of Civil Procedure 26(b)(3) contains the work–product doctrine, providing that "[o]rdinarily a party may not discover documents and tangible things that are prepared in anticipation of litigation." Federal law governs the waiver of work–product protection. *Continental Cas. Co. v. Under Armour, Inc.*, 537 F. Supp. 2d 761, 769 (D. Md. 2008). "'Work-product immunity is waived if the client, the client's lawyer, or another authorized agent of the client: . . . (4) discloses the material to third persons in circumstances in which there is a significant likelihood that an adversary or potential adversary in anticipated litigation will obtain it.'" *Id.* at 772 (quoting Restatement (Third) of the Law Governing Lawyers § 91 (Am. Law Inst. 2000)).

As discussed above, Plaintiffs claim their attorneys created these presentations in anticipation of class litigation arising out of stucco defects in Sun City. Defendants argue that these presentations were nothing more than solicitation materials. Because the Court is not privy to the contents of the presentations, it is unable to determine whether Defendants' assertion is correct. Assuming, without deciding, that these presentations were subject to work–product protection, the Court concludes that any work-product protection was waived when Plaintiffs' counsel decided to give the presentations at meetings that were open to the public.[1] The public nature of those meetings, and the media attention paid to them, created a significant likelihood that Defendants might obtain the presentations, thereby waiving work–product protection.

---

1. Defendants also allege that Plaintiffs' counsel operated a website concerning these stucco-related claims. It is unclear whether these presentations appeared on the website, and the Court need not make a determination on that question because of the evidence that the meetings were open to the public.

Moreover, the Defendants have informed the Court that they were permitted to send a court reporter to one of the meetings at which Plaintiffs' counsel made these presentations. Accordingly, the Court concludes that any work–product protection applicable to these presentations was waived by Plaintiffs' counsel.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiffs' motion to quash subpoenas is **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**January 12, 2017**
**Charleston, South Carolina**