# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

| | |
|---|---|
| Jacqueline L. Craft, Trustee of the Jacqueline L. Craft Trust U/T/D June 30, 1998, and Jacqueline L. Craft, individually, ) ) ) ) Plaintiffs, ) ) v. ) ) South Carolina State Plastering, LLC, Peter Conley, Del Webb Communities, Inc., and Pulte Homes, Inc., ) ) ) ) ) Defendants. ) ) | C.A. No.: 9:15-cv-5080-PMD  **ORDER** |

This matter is before the Court on Plaintiffs' motion to reconsider the Court's January 12 Order (ECF No. 57). For the reasons set forth herein, Plaintiffs' motion is denied.

## DISCUSSION

Plaintiffs' motion to reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure contains two requests that do not fit under Rule 59's framework. First, Plaintiffs ask the Court to review the presentations subject to Defendants' subpoena *in camera*, to hold the January 12 Order in abeyance until that review is complete, and to wait for Plaintiffs to hire additional counsel who would presumably make additional arguments not raised in Plaintiffs' motion to quash. Neither of these requests demonstrate an intervening change in the controlling law, new evidence that was not available at the time of the Court's order, a clear error of law or manifest injustice. *See Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010).

Defendants also correctly point out that the Court expressly found that even if the presentations were originally protected under the work–product doctrine, that protection had been waived by Plaintiffs' counsel's public disclosure of those presentations. *Craft v. S.C. State*

*Plastering, LLC*, No. 9:15-cv-5080-PMD, 2017 WL 121854, at *2 (D.S.C. Jan. 12, 2017). Finally, Plaintiffs have had the opportunity to hire counsel or present other arguments on this issue since they filed their motion to quash. The Court will not allow them to wait for an adverse ruling before calling in the cavalry. As a result, Plaintiffs' motion to reconsider must be denied. *See Hartsock v. Goodyear Dunlop Tires N. Am. Ltd.*, No. 2:13-cv-419-PMD, 2014 WL 11022098, at *1 (D.S.C. June 16, 2014) ("A motion for reconsideration . . . 'is not an opportunity to rehash issues already ruled upon because a litigant is displeased with the result.'" (quoting *Joe Hand Promotions, Inc. v. Double Down Entm't, LLC*, No. 0:11-cv-2438-MBS, 2012 WL 6210344, at *2 (D.S.C. Dec. 13, 2012))).

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiffs' motion to reconsider is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**February 27, 2017**
**Charleston, South Carolina**