# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Jacqueline L. Craft, Trustee of the Jacqueline L. Craft Trust U/T/D June 30 1998, and Jacqueline L. Craft, Individually, | )<br>)<br>)<br>) |
| Plaintiff, | ) C.A. No.: 9:15-cv-5080-PMD |
| v. | ) **ORDER** |
| South Carolina State Plastering, LLC, Peter Conley, Del Webb Communities, Inc., and Pulte Homes, Inc., | )<br>)<br>) |
| Defendants. | ) |

This matter is before the Court on Plaintiff's motion for an injunction (ECF No. 61). For the reasons set forth herein, Plaintiff's motion is denied.

## BACKGROUND & PROCEDURAL HISTORY

This action arises out of construction defects with homes in Sun City Hilton Head. On January 4, 2017, the Court entered a consent scheduling order that permitted destructive testing on Plaintiff's home until April 1, 2017. After the entry of the scheduling order, the parties attempted to agree to an appropriate protocol for the destructive testing and to arrange a date to conduct that testing. However, the parties were unable to agree on a testing protocol. Specifically, Plaintiff claims that Defendants' proposed testing protocol was excessive and that the repair protocol was insufficient. Defendants, however, assert that Plaintiff did not present them with a counter-proposal or specify the aspects of their proposal she found objectionable.

On March 21, Plaintiff filed the instant motion for an injunction. In response, Defendants filed a motion on March 30 seeking to compel destructive testing. However, Defendants

withdrew that motion on April 4, and instead filed a response to Plaintiff's motion for an injunction. Finally, Plaintiff replied on April 7. Accordingly, this matter is now ripe for consideration.

## DISCUSSION

Plaintiff asks the Court to issue an injunction to prevent Defendants from conducting their proposed method of destructive testing on Plaintiff's home. Specifically, Plaintiff argues that Defendants' proposed testing protocol is excessive and overbroad. In response, Defendants argue that Plaintiff's motion is procedurally improper, and that it is moot because Defendants have withdrawn their motion to compel the destructive testing. Plaintiff disagrees, arguing that her motion is not moot because Defendants have reserved the right to seek destructive testing later in the discovery process.

Because Defendants have withdrawn their motion to compel destructive testing, the Court denies Plaintiff's motion without prejudice and with leave to re-file. While Defendants have attempted to reserve their right to make their motion to compel destructive testing again,[1] there is currently no motion to compel before the Court, Defendants are not presently seeking to conduct destructive testing at all, and such testing may never transpire. Thus, the Court sees no utility in issuing an injunction or, more appropriately,[2] a protective order, at this juncture. In fact, any opinion at this stage would come dangerously close to being an advisory opinion. However, Plaintiff may re-file her motion if this matter becomes ripe in the future.

---

1. The Court's order does not imply any opinion as to whether such a reservation is permissible.

2. Instead of requesting an injunction, the proper course of action here would have been to request a protective order or simply to oppose Defendants' motion to compel under Rules 26 and 34 of the Federal Rules of Civil Procedure. *See Mirchandani v. Home Depot, U.S.A., Inc.*, 235 F.R.D. 611, 613 (D. Md. 2006) (stating that the standard for considering proposed destructive testing remains the same whether the motion for destructive testing is made under Rule 26 or 34).

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's motion for an injunction is **DENIED**.

    **AND IT IS SO ORDERED.**

                                        PATRICK MICHAEL DUFFY
                                        United States District Judge

**May 30, 2017**
**Charleston, South Carolina**