# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Jacqueline L. Craft, Trustee of the Jacqueline L. Craft Trust U/T/D June 30 1998, and Jacqueline L. Craft, Individually, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No.: 9:15-cv-5080-PMD |
| v. | ) ) ) | **ORDER** |
| South Carolina State Plastering, LLC, Peter Conley, Del Webb Communities, Inc., and Pulte Homes, Inc., | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiffs' motion to certify a class (ECF No. 89). For the reasons set forth herein, Plaintiffs' motion is denied.

## BACKGROUND & PROCEDURAL HISTORY

This action arises out of construction defects related to the stucco applied to the homes in Sun City Hilton Head. After several rulings by the Court, followed by a lengthy appeal, Plaintiffs now seek to certify this case as a class action under Rule 23 of the Federal Rules of Civil Procedure. They propose that the Court certify the class under the following definition:

> All individuals, corporations, unincorporated associations, or other entities who purchased stucco-clad homes in Sun City Hilton Head from anyone other than Del Webb Communities, Inc., and/or Pulte Homes, Inc. to which South Carolina State Plastering applied the exterior stucco in-whole or in-part prior to July 31, 2007 which exhibits any one of the following:
> (a) The lack of through-wall head flashing above doors and/or windows;
> (b) The lack of stucco control joints at the corners of windows and/or doors, and/or
> (c) The lack of an appropriate gap between the stucco exterior and the structure slab.

(Pls.' Mot. Certify Class, ECF No. 89, at 1.) Plaintiffs also ask that the Court remand this action in the event that it denies class certification. Plaintiffs filed their motion on October 13, 2017. Defendants Del Webb Communities, Inc. and Pulte Homes, Inc. ("Defendants") responded on November 15. Plaintiffs filed their reply on December 5, and Defendants filed a sur-reply on December 18. Accordingly, this matter is now ripe for consideration.

## **LEGAL STANDARD**

Rule 23 of the Federal Rules of Civil Procedure governs class actions. It states:

(a) One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
    (1) the class is so numerous that joinder of all members is impracticable;
    (2) there are questions of law or fact common to the class;
    (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
    (4) the representative parties will fairly and adequately protect the interests of the class.

Additionally, the class must also satisfy "one of the three sub-parts of Rule 23(b)." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 318 (4th Cir. 2006). Here, the relevant sub-part is Rule 23(b)(3), which requires that

> questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>     (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>     (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>     (C) the desirability or undesirability of the claims in the particular forum; and
>     (D) the likely difficulties in managing a class action.

Plaintiff bears the burden of showing that the class complies with each of Rule 23's requirements. *See Thorn*, 445 F.3d at 321.

**DISCUSSION**

While the parties contest practically every element required for certification, the Court concludes that even if Plaintiffs could prove every element of Rule 23(a),[1] they would still fail to meet their burden under Rule 23(b) because there are so many individual issues that they predominate over the few common issues. Because predominance is a required element of Rule 23, Plaintiffs' motion fails for the reasons set forth below.

Defendants argue that there are far more questions that fall into the individual category than the collective one. For example, Defendants note that the houses at issue were constructed over a ten-year period with different building codes and industry standards and that the various houses used three different types of stucco systems. Additionally, Defendants point out that to determine whether any damage exists and the proximate cause of that damage, destructive testing is required. According to Defendants, this would require destructive testing of each house to determine whether one of the class defects was the legal cause of any existing damage. Moreover, Defendants argue that there is no common remedy for any defects that exist, that each house would require its own repair protocol, and that many of their affirmative defenses are individual in nature. Specifically, Defendants argue that many of the homeowners are subject to a statute of limitations defense. Finally, Defendants complain that Plaintiffs have shown no connection between the three

---

1. The Court has its doubts as to whether Plaintiffs could meet their burden of showing that each of the Rule 23(a) elements is met by the proposed class. Numerosity is not contested, but Defendants do contest the other three elements. "A common question is one that can be resolved for each class member in a single hearing . . . . A question is not common, by contrast, if its resolution 'turns on a consideration of the individual circumstances of each class member.'" *Thorn*, 445 F.3d at 319 (quoting 7A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1763 (3d ed.2005)). For the reasons set forth below when discussing predominance, the individual questions here might well preclude certification on commonality grounds as well. Moreover, Defendants have presented a compelling argument that Plaintiff is an inadequate class representative and that her claims are not typical of the class members' claims because she is unable to direct the litigation herself and because the claims that she brings are not the best claims that each class member might have. The Court need not explicitly make these findings, however, in light of its conclusion that individual issues predominate here.

defects that make up the class definition, such that certification of the class as it is currently defined would be inappropriate.

As set forth in the class definition, Plaintiffs allege three defects: lack of through wall head flashing above doors and windows, lack of stucco control joints at the corners of doors and windows, and lack of an appropriate gap between the stucco exterior and the structure slab. Defendants contend that there is no connection between these alleged defects, and that the repairs necessary for each alleged defect would be completely different. On the other hand, Plaintiffs state that they need only allege common defects and provide some evidence that those defects exist in order to warrant class certification. They contend that they have provided such evidence in the form of expert testimony from Defendants' subcontractors that the defects do exist. They further describe Defendants' positions as merits arguments that are not relevant at the class certification stage. While the Court agrees with Plaintiffs that they do not need to establish their case on the merits at this stage, "nevertheless, some preliminary inquiry into the merits may be necessary for an intelligent determination of whether to certify the class." *Brunson v. Louisiana-Pacific Corp*, 266 F.R.D. 112, 115 (D.S.C. 2010). Moreover, Plaintiffs "bear the burden . . . of demonstrating satisfaction of the Rule 23 requirements." *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 370 (4th Cir. 2004). As a result, simply proving defects exist is insufficient because defects alone do not satisfy each of Rule 23's requirements.

Here, the Court believes that the predominance inquiry is fatal to Plaintiffs' attempt to certify a class. Predominance is an even more stringent inquiry than commonality, *Thorn*, 445 F.3d at 319, and the Court must conclude that the individual determinations in this case far outweigh the common. The first, and best, example of this is Defendants' statute of limitations

argument.[2] In support of their contention that individualized determinations predominate, Defendants cite *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 342 (4th Cir. 1998). In *Broussard*, the Fourth Circuit stated that "when the defendant's 'affirmative defenses (such as . . . the statute of limitations) may depend on facts peculiar to each plaintiff's case,' class certification is erroneous." *Id.* (quoting *In re Northern Dist. of Cal. Dalkon Shield IUD Prods. Liab. Litig.*, 693 F.2d 847, 853 (9th Cir. 1982)). Rather than attempting to distinguish or even address *Broussard*, Plaintiffs contend that any statute of limitations issues could be dealt with in post-verdict proceedings. Plaintiffs offer no further explanation of what those proceedings would entail, and fail to cite any authority supporting that concept. Moreover, Plaintiffs fail to explain why Defendants should be required to undergo a trial before being able to adjudicate an affirmative defense that might otherwise bar a trial. As Plaintiffs have the burden at this stage, the Court concludes that they have failed to show that the individualized statute of limitations issues here can be resolved on a class-wide basis and that those questions do not predominate.

Additionally, Defendants contend that individual inquiries will be necessary to determine liability and damages. According to Defendants, Plaintiffs' expert concedes that the determination of whether each house is defective largely turns on the elevation of each house. Moreover, to determine the extent of any resulting damages from these defects, destructive testing of each individual house would be required. As a result, the adjudication of liability and of damages would essentially be a trial within a trial for each house. Plaintiffs have failed to meet their burden on this ground as well, simply dismissing these issues as "merits issues." As set forth above, while

---

2. Defendants contend without objection that Plaintiffs' cause of action has a three-year statute of limitations that accrues when the plaintiff "knew or by the exercise of reasonable diligence should have known that [they] had a cause of action." S.C. Code Ann. § 15-3-535. Defendants further contend, citing *Thorn*, that the statute of limitations inquiry will require individual examination of each of the putative class members to determine when they knew or should have known that they had a cause of action.

5

proof of the merits of their claims is not required at this stage—and the Court is indeed not analyzing the merits here—some discussion of the merits may be necessary in order to intelligently discuss whether class certification is warranted. The Court sees no advantage to trying these cases collectively when each house will require such a substantial individualized inquiry.

Beyond their limited arguments on the merits of predominance, Plaintiffs also urge the Court to conclude that they should be permitted to proceed on a class basis because, in part, some potential class members might be left without relief if they were forced to proceed on an individual basis. The Court is sympathetic to their concerns, but ultimately concludes that due to the substantial number of individual questions that it will necessarily be required to answer, the efficiency advantages of a class action are effectively eliminated here. Moreover, the Court's decision not to certify this class will allow the putative class members to expand the scope of any litigation they might wish to bring against Defendants beyond the defects set forth in the class definition. This expansion of scope could even lead to more successful and valuable relief for some class members. Moreover, the damages at issue for each potential plaintiff are sufficiently substantial that the Court believes its decision not to certify this action will not foreclose relief to those putative class members.

The Court further concludes that although the superiority inquiry set forth in Rule 23(b)(3) has aspects that favor each side, the difficulty in managing this case as a class action and the class members' interests in individually controlling their claims outweighs the desirability of concentrating these cases in this forum. There is no questions that the potential influx of these cases would be a significant burden. However, as set forth above in the predominance analysis, the Court is not convinced that any substantial time savings would result from their collective adjudication. In addition, the ability to bring any claims, rather than only the class claims, will

6

permit the potential plaintiffs to select the most advantageous claims for themselves. Last, the plethora of manageability issues this case would present as a class action further counsel against certification. Plaintiffs have not provided the Court with any meaningful plan for avoiding the manageability issues that Defendants have raised, and establishing sub-classes and mini-trials will simply result in further sharply divided views from the parties.

Finally, Plaintiffs also devote a significant portion of their brief to their argument that this Court should follow the decisions of the South Carolina circuit court judges who have certified classes in related state court litigation. The Court declines to do so. The South Carolina Supreme Court has explained the significant difference between the South Carolina and Federal Rules of Civil Procedure as follows:

> Our state class action rule differs significantly from its federal counterpart. The drafters of Rule 23, South Carolina Rules of Civil Procedure (SCRCP) intentionally omitted from our state rule the additional requirements found in Federal Rule 23(b), Federal Rules of Civil Procedure (FRCP). By omitting the additional requirements, Rule 23, SCRCP, endorses a more expansive view of class action availability than its federal counterpart.

*Littlefield v. S.C. Forestry Comm'n*, 523 S.E.2d 781, 784 (S.C. 1999). Plaintiffs represent that the state court judges made the determination that common questions predominate and that the class action methodology is superior in these cases. This is simply untrue. While the state court judges' analysis touched a few of the same factors that are involved in the predominance and superiority inquiries, the state court judges did not apply Rule 23(b)(3) because the South Carolina Rules of Civil Procedure have no such rule. Plaintiffs place great weight on the state court decisions certifying similar classes, but it is clear that those decisions are only minimally relevant when considering predominance and superiority due to the disparity between the rules in state and federal court. Accordingly, the Court rejects that argument as well.

Finally, Plaintiffs requested that the Court remand this case in the event that it denied their motion for class certification. The Court declines to do so. "Every circuit that has addressed the question has held that post-removal events do not oust [Class Action Fairness Act] jurisdiction." *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 639 (5th Cir. 2014); *see also Vega V. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009) ("post-removal events (including non-certification, de-certification, or severance) do not deprive federal courts of subject matter jurisdiction.").

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that Plaintiffs' motion to certify a class is **DENIED**, and Plaintiffs' request that the Court remand this case is also **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**April 26, 2018**
**Charleston, South Carolina**